UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAGDI RASHID, | * * * |
| Plaintiff, | * * |
| v. | * * Civil Action No. 25-cv-10109-ADB |
| QATAR AIRWAYS GROUP Q.C.S.C., | * * * |
| Defendant. | * * * |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

BURROUGHS, D.J.

Plaintiffs Magdi Rashid and Dahlia Rashid (collectively, "Plaintiffs")[1] bring this action against Defendant Qatar Airways Group Q.C.S.C. ("Defendant" or "Qatar Airways") alleging that Defendant negligently failed to assist Mr. Rashid with placing his carry-on baggage into an overhead storage bin. [ECF No. 1 ("Compl." or "Complaint") ¶ 13]. As a result, he attempted to stow the baggage himself, which resulted in bodily injuries and a prolonged delay in Doha, Qatar. [Id. ¶ 18]. Currently before the Court is Qatar Airways' motion to dismiss for lack of personal jurisdiction. [ECF No. 12]. For the reasons set forth below, the motion is **DENIED**.

---

[1] The Court notes that, contrary to Federal Rule of Civil Procedure 10(a), Mrs. Rashid is not listed in the caption of the Complaint, [ECF No. 1], or the caption of Plaintiffs' opposition to Defendant's motion to dismiss, [ECF No. 17]. Because the Complaint describes Mrs. Rashid as a party and includes a claim for Mrs. Rashid's damages, [Compl. ¶ 26], the Court will treat Mrs. Rashid as a plaintiff. See, e.g., Callahan v. Wells Fargo & Co., 747 F. Supp. 2d 247, 251 (D. Mass. 2010).

I.      BACKGROUND

        A.      **Factual Background**

For purposes of this motion, the facts are drawn from the Complaint, the factual allegations of which are assumed to be true when considering a motion to dismiss. Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). Additionally, in assessing whether personal jurisdiction exists, the Court may consider "the facts from the pleadings and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to the plaintiff's version of genuinely contested facts." Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016). The Court may also consider "undisputed facts put forth by the defendant." Id.

Mr. Rashid and Mrs. Rashid are a married couple who reside in the Commonwealth of Virginia. [Compl. ¶¶ 1–2, 27].

Qatar Airways is wholly owned by the State of Qatar and is the country's national carrier. [ECF No. 13 at 8]. The company is also a Qatari Closed Shareholding Company registered and with its headquarters and registered office located in Qatar. [Id.].

Qatar Airways operates flights to 170 destinations on six continents, including fifteen daily flights to eleven destinations in the United States. [ECF No. 13 at 8]. It employs more than 50,000 employees worldwide, including approximately 270 employees based in the United States. [Id. at 9]. Defendant also advertises and offers online booking services to United States residents. [ECF No. 17 at 4].

On November 24, 2023, Mr. Rashid traveled on Qatar Airways flight QR 1302 with service from Cairo, Egypt to Doha, Qatar, [Compl. ¶ 11]. According to his ticketed itinerary, his final destination was Virginia via Qatar Airways flight QR 709. [ECF No. 14 ¶ 26]. While

embarking on his flight from Cairo to Doha, Mr. Rashid twice asked that the Qatar Airways cabin crew help him to stow his carry-on baggage in the overhead storage bin. [Compl. ¶ 13]. After the cabin crew failed to assist him, Mr. Rashid tried to stow his baggage on his own, which resulted in him sustaining injuries to his head, neck, and body and experiencing mental anguish. [Id. ¶¶ 13–14]. Because of these injuries, Mr. Rashid was allegedly delayed in Doha for 30 days until he was medically cleared to fly to Virginia on December 23, 2023. [Id. ¶ 18]. Additionally, Qatar Airways lost Mr. Rashid's baggage for several months and then returned it to him in damaged condition. [Id. ¶ 23].

While Mr. Rashid was injured, Mrs. Rashid alleges that she was required to care for him and perform his household duties, and that she was without Mr. Rashid's society, companionship, and consortium. [Compl. ¶¶ 27–28].

### B.     Procedural History

On January 15, 2025, the Plaintiffs brought four claims against Qatar Airways under the Montreal Convention,[2] alleging that Qatar Airways negligently caused Mr. Rashid's injuries and damage to his baggage. See generally [Compl.]. Plaintiffs are seeking to recover, among other damages, Mr. Rashid's medical expenses, costs incurred during his prolonged stay in Doha, and lost earnings. See generally [Compl.]. Mrs. Rashid's damages are based on the alleged loss of her husband's "services, society, companionship and consortium." [Id. ¶¶ 27–28]. On June 6, 2025, Qatar Airways moved to dismiss the Complaint in its entirety for lack of personal

---

[2] Plaintiffs assert a cause of action under the Warsaw Convention or, alternatively, under the Montreal Convention. Because the Monreal Convention "unifie[d] and replace[d] the Warsaw Convention," this Court will proceed to reference only the Montreal Convention. Gustafson v. Am. Airlines, Inc., 658 F. Supp. 2d 276, 281 (D. Mass. 2009).

jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  [ECF No. 12].  Plaintiffs opposed the motion.  [ECF No. 17].

## II. LEGAL STANDARD

As a rule, a plaintiff bears the burden of establishing a court's personal jurisdiction over the defendant.  Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002) (citing Foster–Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995)).  Under the "prima facie" standard for determining whether a plaintiff has met their burden, which applies if the Court does not hold an evidentiary hearing, "the inquiry is whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction."  Bluetarp Fin., Inc. v. Matrix Constr. Co., 709 F.3d 72, 79 (1st Cir. 2013) (quoting Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008)).  Plaintiffs may not, however, establish a court's personal jurisdiction over defendants with "unsupported allegations in [the] pleadings," and are instead "obliged to adduce evidence of specific facts."  Platten v. H.G. Berm. Exempted Ltd., 437 F.3d 118, 134 (1st Cir. 2006) (first quoting Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992); and then quoting Foster-Miller, Inc., 46 F.3d at 145).  The Court may also "add to the mix facts put forward by the defendants, to the extent that they are uncontradicted."  Daynard, 290 F.3d at 51 (quoting Mass. Sch. of Law at Andover, Inc., 142 F.3d at 34.

## III. DISCUSSION

Qatar Airways argues that this Court lacks personal jurisdiction over it because Plaintiffs cannot show that Qatar Airways has sufficient minimum contacts with the Commonwealth of Massachusetts or the United States to meet the due process standards required by the Constitution.  See generally [ECF No. 13].  Plaintiffs respond that Qatar Airways' business

4

activities in Massachusetts and in the United States are sufficient to allow the court to exercise jurisdiction over it.  See generally [ECF No. 17].

### A. Personal Jurisdiction Under the Foreign Sovereign Immunities Act

While "federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons," personal jurisdiction can also be independently "authorized by a federal statute," Fuld v. Palestine Liberation Org., 606 U.S. 1, 11 (2025) (first citing Daimler AG v. Bauman, 571 U.S. 117, 125 (2014) (citing Fed. Rules Civ. Proc. 4(k)(1)(A)); and then citing Fed. R. Civ. Proc. 4(k)(1)(C)).  The Foreign Sovereign Immunities Act ("FSIA") authorizes personal jurisdiction if service is made pursuant to the statute's requirements.  Gater Assets Ltd. v. AO Moldovagaz, 2 F.4th 42, 54, n.5 (2nd Cir. 2021) (citing 28 U.S.C. §§ 1330(b), 1608).

The FSIA, which includes agencies and instrumentalities in the definition of a foreign sovereign, see 28 U.S.C. § 1603(a)–(b), establishes "'a presumption of foreign sovereign immunity from the jurisdiction of the courts of the United States' that typically controls the jurisdictional question." Merlini v. Canada, 926 F.3d 21, 27 (1st Cir. 2019) (quoting Universal Trading & Inv. Co. v. Bureau for Representing Ukrainian Interests in Int'l & Foreign Courts, 727 F.3d 10, 16 (1st Cir. 2013)).  Under the FSIA, an "agency" or "instrumentality" of a foreign state includes any entity:

> (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States as defined in section 1332 (c) and (e) of this title, not created under the laws of any third country.

28 U.S.C. § 1603(a)–(b).  A foreign sovereign's presumption of immunity under the FSIA is subject to certain exceptions, however, including in any case "where the action is based upon a

commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." Universal Trading & Inv. Co., 727 F.3d at 16 (citation modified) (quoting 28 U.S.C. § 1605(a)(2)).

Here, Plaintiffs contend, [ECF No. 17 at 8], and Defendant does not dispute, [ECF No. 13 at 14–15], that Qatar Airways is an agency or instrumentality of the State of Qatar, and that this case falls under the commercial-activity exception to sovereign immunity under the FSIA. Under § 1330(b) of the FSIA, federal courts "are empowered to exercise personal jurisdiction over a foreign sovereign when two conditions are met: (1) an exception from the jurisdictional immunity established by the FSIA applies, and (2) the sovereign has been served with process in accordance with the FSIA's provisions." Woods Hole Oceanographic Inst. v. ATS Specialized, Inc., No. 17-cv-12301, 2019 WL 1276124, at *13 (D. Mass. Mar. 20, 2019) (citing Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela, 863 F.3d 96, 104 (2nd Cir. 2017)); see also CC/Devas (Mauritius) Ltd. v. Antrix Corp. Ltd., 605 U.S. 223, 237 (2025) ("Personal jurisdiction exists under § 1330(b) of the FSIA when an immunity exception applies and service is proper."). Further, Defendant does not dispute that service was proper under the FSIA, see generally [ECF No. 13]. Thus, the Court finds it has personal jurisdiction over Qatar Airways.

Although the FSIA itself does not require additional jurisdictional analysis, a question remains as to whether the Fifth Amendment's Due Process Clause "requires a showing of minimum contacts before a federal court can exercise personal jurisdiction over a company owned by a foreign sovereign." CC/Devas (Mauritius) Ltd., 605 U.S. at 237. Some courts have recognized that entities owned by a foreign sovereign should be afforded due process rights and,

6

accordingly, have conducted a constitutional analysis to determine whether personal jurisdiction exists over a foreign state-owned defendant. See Woods Hole Oceanographic Inst., 2019 WL 1276124, at *13; ACE Am. Ins. Co. v. Univ. of Ghana, No. 21-cv-06472, 2022 WL 3362193, at *5 (S.D.N.Y. Aug. 15, 2022) (finding that agencies and instrumentalities of foreign sovereigns "are entitled to Due Process protections even when the FSIA applies"); Berg v. Kingdom of the Netherlands, No. 18-cv-03123, 2020 WL 2829757, at *14 (D.S.C. Mar. 6, 2020); Parex Bank v. Russian Sav. Bank, 116 F.Supp.2d 415, 422 (S.D.N.Y. 2000). Because the First Circuit has not spoken on this point, this Court will also proceed with the constitutional analysis.

### B.   Personal Jurisdiction Pursuant to the Constitution

The parties agree that the Montreal Convention governs Plaintiffs' claims, and this Court therefore has federal question subject matter jurisdiction based on the application of the treaty.[3] [Compl. ¶ 5; ECF No. 13 at 12–13]. In such federal question cases, "the constitutional limits of the court's personal jurisdiction are fixed…not by the Fourteenth Amendment but by the Due Process Clause of the Fifth Amendment." United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir. 1992); see Josifoski v. Austrian Airlines Osterreichische Luftverkehrs AG, 2025 WL 2803355, at *3 (E.D. Mich. Sep. 26, 2025) (analyzing due process

---

[3] The Montreal Convention is a multilateral treaty governing "international travel and limits liability for carriers." Dagi v. Delta Airlines, Inc., 961 F.3d 22, 27 (1st Cir. 2020). When an airline passenger is injured "on board [an] aircraft or in the course of any of the operations of embarking or disembarking" from an international flight, the passenger's only avenue of legal recourse is to bring a claim against the airline under the Montreal Convention. Id. at 22. If an action for damages falls within the Montreal Convention's purview, which the parties agree is the case here, then the "treaty provides the sole avenue for relief." Id.; see also Moore v. British Airways PLC, 32 F.4th 110, 115 (1st Cir. 2022) ("[t]he Montreal Convention has preemptive force with respect to passenger injuries suffered either on board an aircraft or during embarkation or disembarkation."); Deugoue v. Icelandair, No. 23-cv-11615, 2024 WL 4069020, at *6 (D. Mass. Sept. 5, 2024) (finding jurisdiction over claims to which the Monreal Convention applied).

7

requirements under the Fifth Amendment when plaintiff brought claims under the Montreal Convention). Under the Fifth Amendment, the plaintiff must "show that the defendant has adequate contacts with the United States as a whole, rather than with a particular state." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). The Supreme Court has determined that the jurisdictional analysis under the Fifth Amendment is a "more flexible" inquiry than that required by the minimum contacts standard under the Fourteenth Amendment, but has not delineated its precise bounds. Fuld, 606 U.S. 1 at 18. Because the Plaintiffs have made a prima facie showing that Defendant has sufficient minimum contacts with the United States to make the exercise of specific jurisdiction over Defendant reasonable, this Court need not address the bounds of the new, more flexible Fifth Amendment standard.

### 1.      General Jurisdiction

"A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction." Mass. Sch. of Law at Andover, Inc., 142 F.3d at 34. General jurisdiction requires both "continuous and systematic general business contacts' between the foreign defendant and the forum" such that the "exercise of jurisdiction would be reasonable." Swiss Am. Bank, Ltd., 274 F.3d at 619 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984)). "A court may exercise general personal jurisdiction over a foreign corporation 'only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State.'" In re Lac Megantic Train Derailment Litig., 210 F. Supp. 3d 218, 224 (D. Me. 2016) (quoting Daimler, 571 U.S. at 122). While the "paradigmatic examples of locales in which a defendant corporation is considered at home are its state of incorporation and the state that houses its principal place of business," in some cases "a defendant corporation's general business operations in a state in

which it is neither incorporated nor headquartered 'may be so substantial and of such a nature as to render the corporation at home in that State.'" Chen v. U.S. Sports Acad., Inc., 956 F.3d 45, 57 (1st Cir. 2020) (quoting Daimler, 571 U.S. at 761, n.19).

Plaintiffs argue that Defendant's operations in the United States are sufficient to render it essentially at home here, "but the mere fact of doing business in a [forum] does not establish the 'exceptional' circumstances required for a forum to assert general jurisdiction over an out-of-state defendant." Ojugbana v. Virgin Atl. Airways Ltd., No. 24-cv-11334, 2024 WL 4681751, at *3 (D. Mass. Nov. 5, 2024) (finding the court could not exercise general jurisdiction over Virgin Atlantic Airways). Qatar Airways is a foreign state-owned company headquartered in Qatar with a relatively small proportion of its regular flight operations and employees touching the United States. The United States is clearly not the "nerve center," see Chen, 956 F.3d at 57, of Qatar Airways' business operations, and the airline is not at home in the United States.

### 2. Specific Jurisdiction

Under the traditional minimum contacts standard, "[s]pecific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities." Swiss Am. Bank, Ltd., 274 F.3d at 618 (quoting Mass. Sch. of Law at Andover, 142 F.3d at 34). A plaintiff must demonstrate that each of the following three conditions is satisfied for the Court to exercise specific jurisdiction over a defendant:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must . . . be reasonable.

Daynard, 290 F.3d at 60 (quoting Foster-Miller, 46 F.3d at 144).

With respect to the purposeful availment, "courts look to 'the voluntariness of the contacts [with the forum] and the foreseeability of being haled into court based on those contacts.'" Groma, LLC v. BuildRE, LLC, 668 F. Supp. 3d 40, 47 (D. Mass. 2023) (citing Motus, LLC v. CarData Consultants, Inc., 23 F.4th 115, 124 (1st Cir. 2022).  Voluntariness can be demonstrated by a defendant specifically targeting a forum's residents and foreseeability can be shown by a defendant's "regular course of sales in the forum." Id.  A defendant's contacts with the forum must also "result proximately from its own actions" not from "the unilateral activities of third parties." Id. (citing A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 60 (1st Cir. 2016).

Plaintiffs have shown that Qatar Airways has availed itself of the privilege of conducting business in the United States.  Defendant maintains offices in the United States, operates multiple daily flights transporting people to and from U.S. cities, employs hundreds of workers in the United States, and markets and sells tickets to U.S. consumers.  These contacts are a result of Defendant's own actions, not those of a third party, and are a part of the regular course of Qatar Airways' business operations such that the company should reasonably foresee being haled into court here.

To satisfy the relatedness condition, a plaintiff "must show a nexus between [its] claims and the defendants' forum-based activities…such that the plaintiff's claims…arise out of or relate to the defendants' contact with the forum." Cappello v. Rest. Depot, LLC, 89 F.4th 238, 245 (1st Cir. 2023) (quoting Rodriguez-Rivera v. Allscripts Healthcare Sols., Inc., 43 F.4th 150, 160 (1st Cir. 2022)).  "[A] strict causal relationship between the defendant's in-state activity and the litigation" is not required, however, and "some relationships will support jurisdiction without a causal showing." Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 592 U.S. 351, 362 (2021).

If there is not a direct causal relationship, a plaintiff must show that the claim is "sufficiently related to [a defendant's in-forum activities] to justify subjecting a defendant to personal jurisdiction there." Ojugbana, No. 24-cv-11334, 2024 WL 4681751, at *4 (citing Ford Motor Co., 592 U.S. at 362). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." Walden v. Fiore, 571 U.S. 277, 290 (2014).

Defendant argues that because Mr. Rashid's alleged injuries occurred on a flight between Cairo and Doha, they do not arise out of or relate to Qatar Airways' contacts with the United States. [ECF No. 13 at 21–23]. In support of this argument, Defendant points to multiple cases finding that injuries sustained on connecting flights originating and terminating outside of the forum were not sufficiently related to the defendant's activities within the forum to support jurisdiction. [Id. (citing Ojugbana, 2024 WL 4681751, at *5 (injuries incurred on flight from Lagos to London with final destination of Boston did not relate to airline's activities in Massachusetts); Zito v. United Airlines, Inc., 523 F. Supp. 3d 377, 386 (W.D.N.Y. 2021) (injuries incurred on flight from Fort Meyers to Newark with a final destination of Rochester did not relate to airline's activities in New York); H.B. by Barakati v. China S. Airlines Co. Ltd., No. 20-cv-09106, 2021 WL 2581151, at *1 (S.D.N.Y. June 23, 2021) (injuries incurred on flight from New Delhi to Guangzhou with a final destination of New York City did not relate to airline's activities in New York).] Other courts, however, have held that specific jurisdiction does exist in similar scenarios. See Tavantzis v. Am. Airlines, Inc., No. 23-cv-05607, 2024 WL 5446322, at *6 (N.D. Cal. July 19, 2024) (exercising specific jurisdiction over airline when plaintiff was injured during flight from Miami to Madrid as part of itinerary departing from San Francisco); Khan v. Qatar Airways Corp., No. 4:23-cv-04138, 2024 WL 3744397, at *4 (S.D.

11

Tex. Aug. 8, 2024) (exercising specific jurisdiction over defendant airline when plaintiff was injured on flight from Doha to Karachi as part of itinerary departing from Texas); Roesch v. Korean Air Lines Co., No. 3:24-cv-02665, 2025 WL 2200920, at *2 (N.D. Tex. Aug. 1, 2025) (exercising specific jurisdiction over airline when plaintiff was injured during flight from Seoul to Mactan as part of itinerary departing from Texas); Broadus v. Delta Air Lines, Inc., 101 F. Supp. 3d 554, 557 (M.D.N.C. 2015) (exercising specific jurisdiction over airline when plaintiff was injured during flight from Atlanta to Pensacola as part of itinerary departing from Greensboro).

The fact that Mr. Rashid's itinerary included a layover in Doha does not necessarily negate the connection between Qatar Airways' contacts with the United States and Plaintiffs' injuries.  See Tavantzis, 2024 WL 5446322, at *6 ("[d]efendant should have reasonably anticipated that it may be haled into court in the state of departure and arrival for injuries that occurred during the operation of the trip").  Mr. Rashid would not have embarked on the Qatar Airways' flight from Cairo to Doha had the airline not been operating flights to his final destination in the United States and contracted with Mr. Rashid to fly him from Cairo to the United States by way of Doha.  Plaintiffs have, therefore, made a prima facie showing that their claims "relate to" Defendant's contacts with the United States sufficient to support jurisdiction, particularly considering the relaxed Fifth Amendment jurisdictional inquiry following Fuld.

To satisfy the reasonableness requirement, the court considers the following five factors:

> (1) the defendant's burden of appearing [in the forum], (2) the [forum's] interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting social policies.

Plixer Int'l, Inc. v. Scrutinizer GmbH, 905 F.3d 1, 12 (1st Cir. 2018). Defendant bears the burden of demonstrating that jurisdiction would be unreasonable in this forum. Id.

While defending this case in the United States may be a burden on Defendant given that it is based in Qatar and the relevant witnesses and evidence are located abroad, see [ECF No. 13 at 25], Defendant is an international airline that operates multiple flights to the United States each day and has litigated cases in the United States before, mitigating at least some of the burden of defending this case here. That burden on Defendant is outweighed by factors two and three to be considered in assessing reasonableness, namely that the United States has an interest in adjudicating the rights of Plaintiffs, who are American residents, bring claims arising under a treaty signed by the United States, and have an interest in the convenience of obtaining relief here rather than abroad. While the record does not address the fourth and fifth factors, the Court recognizes the U.S. legal system's competency in personal injury cases.

## IV.     CONCLUSION

For the reasons noted above, Defendant's motion to dismiss for lack of personal jurisdiction, [ECF No. 12], is **DENIED**.

**SO ORDERED.**

December 19, 2025                                      /s/ Allison D. Burroughs
                                                       ALLISON D. BURROUGHS
                                                       U.S. DISTRICT JUDGE